NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EUGENE SCALIA, Secretary of Labor, United States Department of Labor,[*]

Plaintiff-Appellee,

v.

LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 872,

Defendant-Appellant.

No.    18-17229

D.C. No.
2:15-cv-01979-GMN-CWH

MEMORANDUM[**]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted May 6, 2020
Portland, Oregon

Before:  WATFORD and HURWITZ, Circuit Judges, and PREGERSON,[***] District Judge.

Officials of Laborers International Union of North America Local 872

---

[*]     Eugene Scalia is the current Secretary of Labor and was automatically substituted as a party.  Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

disqualified Martin Trujillo as a candidate for the Local vice-presidency in 2015, finding that he failed to establish English literacy and lawful permanent residency at the nomination meeting. The Secretary of Labor challenged Trujillo's disqualification under Title IV of the Labor-Management Reporting and Disclosure Act ("LMRDA"), which requires that a "reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to . . . reasonable qualifications uniformly imposed)." 29 U.S.C. § 481(e). Under the LMRDA, even facially reasonable qualifications "may not be proper if they are applied in an unreasonable manner." 29 C.F.R. § 452.53; *see Reich v. Local 89, Laborers' Int'l Union of N. Am.*, 36 F.3d 1470, 1477, 1478 (9th Cir. 1994).

The district court granted summary judgment to the Secretary, declared the 2015 vice-presidential election void, and ordered the Secretary to supervise a new election. *See* 29 U.S.C. § 482(c). We have jurisdiction over Local 872's appeal under 28 U.S.C. § 1291 and affirm.

1. The district court correctly held that Local 872 unreasonably applied its residency requirement. Although the election notice required candidates to bring one of several specific forms of documentation of legal residency to the nomination meeting, Trujillo brought only his driver's license, which was not on the list of

2

acceptable documents.[1] The election judges initially accepted the driver's license as proof of residency, but then instructed Trujillo, who indicated that he had two acceptable forms of documentation at home, to leave the meeting and return with them by the end of the day. Ten minutes after Trujillo left, however, the election judges disqualified him, although election ballots were not scheduled to be mailed for another month, guaranteeing reelection of the now-unopposed incumbent.

Trujillo was presumptively eligible for office, *see* 29 U.S.C. § 481(e), and "in the light of all the circumstances," *Chao v. Bremerton Metal Trades Council*, 294 F.3d 1114, 1121-22 (9th Cir. 2002) (quoting *Local 3489, United Steelworkers of Am. v. Usery*, 429 U.S. 305, 313 (1977)), Local 872 acted unreasonably in summarily disqualifying him for lack of documentation that he was given permission to retrieve. *See Reich v. Dist. Lodge 720, Int'l Ass'n of Machinists & Aerospace Workers*, 11 F.3d 1496, 1498 (9th Cir. 1993) ("The purpose of Title IV is to insure free and democratic union elections and offset some of the inherent advantages that

---

[1] We reject the Secretary's contention that requiring candidates to present proof of residency at the nomination meeting conflicts with the union constitution. *See Busch v. Givens*, 627 F.2d 978, 981 (9th Cir. 1980) ("Absent bad faith or other compelling circumstance, a union's interpretation of its constitution, as well as its interpretation of its own rules and procedures, should prevail over a court's notion as to how the union should conduct its affairs.").

incumbents enjoy over rank and file members.").[2]

2.      Local 872 also unreasonably applied the literacy requirement. Trujillo was deemed illiterate based entirely on an election judge's assessment that his reading of passages from the union constitution was not "smooth" and "continuous," and that Trujillo seemed to have difficulty, paused, and mispronounced "some words." Under the LMRDA, a union must establish "specific standards of eligibility by which any member can determine in advance whether or not he is qualified to be a candidate." 29 C.F.R. § 452.53. The ad hoc determination that a candidate's reading of the union constitution does not pass muster fails to meet that standard.[3]

3.      Upon finding a LMRDA violation that "may have affected the outcome of an election," the district court must declare the election void and "direct the conduct of a new election under supervision of the Secretary." 29 U.S.C. § 482(c). Local 872 asks us to direct the Secretary to supervise the next regularly scheduled election in 2021, rather than an interim election. Although the LMRDA

---

[2]      On appeal, the Secretary does not dispute the general validity of a residency or literacy requirement, contending only that Local 872's requirements were unreasonably applied to Trujillo.

[3]      The Secretary need not establish Trujillo's literacy to show that the requirement was unreasonably applied. The LMRDA was not "designed merely to protect the right of a union member to run for a particular office in a particular election," but rather to protect the "vital public interest in assuring free and democratic union elections that transcends the narrower interest of the complaining union member." *Wirtz v. Local 153, Glass Bottle Blowers Ass'n*, 389 U.S. 463, 475 (1968).

contemplates a prompt election, *see* 29 U.S.C. § 482(d), Local 872's next regularly scheduled election is less than a year away and Trujillo is no longer a member of the Local. Local 872 argues that it would be inequitable to require a costly interim election for one office now because the Secretary declined to supervise the intervening 2018 election and the current vice-president's term is nearly finished.

Although Local 872's arguments have some force, we decline to issue a prescriptive order to the Secretary about scheduling the supervised election. The district court simply ordered that "a new election be conducted for the office of vice president under [the Secretary's] supervision," without specifying a particular date. The LMRDA does not prohibit the Secretary from agreeing to supervise Local 872's next regularly scheduled election. *See* 29 U.S.C. § 482(b), (c). We therefore affirm the orders of the district court. If the parties are unable to arrive at a mutually agreeable time for the Secretary to supervise a vice-presidential election, they are free to return to the district court to resolve that dispute in the first instance.[4]

**AFFIRMED.**[5]

---

[4]     At oral argument, counsel for the Secretary indicated that the Department's "general position" is to coordinate with unions in scheduling supervised elections, and that, in light of the ongoing global pandemic, the Secretary was open to coordinating with Local 872 to schedule the supervised vice-presidential election.

[5]     Local 872's motion for judicial notice, **Dkt. 18,** is denied.